Case 4:24-cv-02858   Document 18   Filed on 02/11/25 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
February 11, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARCUS HONEYCUTT, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:24-CV-02858 |
| § | |
| HOUSTON HEAVY MACHINERY, LLC, § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND ORDER

### I.

Before the Court are the following document that pertain to the defendant's, Houston Henry Machinery, LLC ("HHM") motion to dismiss the plaintiff's, Marcus Honeycutt, lawsuit: a) HHM's motion to dismiss [DE 11]; the plaintiff's response [DE 13]; and HHM's reply to the plaintiff's response [DE 14]. After a careful review of the motion, response, reply and the plaintiff's original complaint, the Court determines that HHM's motion to dismiss should be granted.

### II.

The background facts that gave rise to the lawsuit are as follows: The plaintiff began his employment with HHM in July of 2023. At the time, the plaintiff was enlisted in the United States military, Army Reserve. He carried the rank of Sergeant and was obligated to attend training exercises from time-to-time. The plaintiff asserts that he notified his supervisor at HHM that he would be required to attend drill training occasionally which occasions would mean that he would be required to miss work in order to attend. He also asserts that over time, his supervisor came to resent the fact that he missed work. However, his supervisor(s) did not state any particular words

to the plaintiff of a negative nature. On the occasion prior to his termination, however, the plaintiff states that his supervisor "began laying a paper trail to justify terminating [him]." His supervisor, allegedly, would "make-up" grounds to write him up. In his view, the plaintiff concluded that his supervisor resented his military obligation and made up his mind to terminate him. However, his supervisor spoke to him and gave him the option to stop missing work for training or find another job. Nevertheless, the plaintiff continued to miss work to attend his training session. When he reported back to work, he was terminated.

### III.

The plaintiff filed a complaint against HHM in July 2024, asserting that his termination constituted discrimination on the basis of his military service, in violation of the Uniformed Services Employment and Reemployment Rights Act ("USERRA") 38 U.S.C. § 4301 *et. seq.*, and for his refusal to commit an illegal act, presumably not attend drill training, in violation of Texas common law as pronounced in *Sabine Pilot*. *See Sabine Pilot Service, Inc. v. Hank*, 687 S.W. 2d 733 (Tex. 1985).

HHM asserts that the plaintiff's lawsuit fails on two accounts. First, HHM asserts that the plaintiff lacks statutory standing to assert a claim under the USERRA because he invoked the administrative complaint review process provided by the Department of Labor ("DOL"). Having done so, HHM argues, the plaintiff can sue only if the DOL refers the plaintiff's complaint to the United States Attorney General following its investigation. 38 U.S.C. § 4323(a)(3). However, the DOL closed the plaintiff's file after review, finding no merit to the claim. As a result, HHM, asserts that the plaintiff lacks standing to assert a claim under the USERRA.

HHM also asserts that the plaintiff's *Sabine Pilot* claim lacks merit because the plaintiff's supervisor did not require the plaintiff to commit a criminal offense in the course of his

employment. Hence, the question of whether the plaintiff would be terminated for failing to report for work fails to meet the requirements for a *Sabine Pilot* cause of action. Assuming that the facts support such a claim, however, HHM enjoins the Court to decline addressing it because the Court has no federal jurisdiction claim remaining before it upon which it may rely to exercise supplemental jurisdiction.

The plaintiff responses as follows: First, he argues that his USERRA cause of action is statutory, therefore, the administrative process does not cancel subject matter jurisdiction. Hence, he asserts that the Court must determine whether the Statute provides for a cause of action, whether his claim "falls within the Statute's zone of interest, and whether he has alleged an injury proximately caused by violation of the Statute. The plaintiff also expands on his view concerning administrative review. He asserts that the claim processing rules concerning exhaustion are not mandatory and may serve as an affirmative defense to the plaintiff's claim when, for example, assuming that HHW proves that the review process was not exhausted. Hence, the plaintiff argues that the process is optional.

Finally, the plaintiff asserts that his *Sabine Pilot* claim is viable in that his supervisor gave him an alternative; either resign from his employment or reign from his obligation with the Army Reserve. In his view, the plaintiff need only prove that he was required to commit an illegal act which carries a criminal penalty his refusal to engage in the illegal act, be discharged for failing to engage in the illegal act, and establish that the sole reason for his discharge was his refusal to commit an unlawful act.

In this request, the plaintiff cites to *White v. FCI, Inc.,* 319 F.3d 692, 676 (5th Cir. 2003). In his pleadings, the plaintiff asserts that HHM's motion to dismiss falls because: (a) his supervisors expressed resentment toward the plaintiff for attending reserve training; (b) his

supervisors expressed doubt that the plaintiff could be properly trained as a Service Technician due to mental issues or his mental state caused by the Army and his continued absences; and (c) due to his supervisors' attitude, he would be "punished [by HHM] were he to decline to choose between the alternatives and continue missing work. Hence, the plaintiff concludes that a violation of the law occurred when he informed his supervisor that he would be on a drill training on February 23, and, thereafter, received a negative report that he had not properly handled a spring coil issue that was part of his duty. In the plaintiff's mind, HHM "had already resolved to terminate him were he to miss [ ] work for training . . .."

## IV.

Federal Rule of Civil Procedure 12(b)(6) authorizes a motion to dismiss for "failure to state a claim upon which relief can be granted." Under the demanding standards of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996). Dismissal is appropriate only if the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## V.

The Court is of the opinion and holds that the plaintiff's lawsuit fails to state a "plausible" cause of action under the USERRA or under the *Sabine Pilot* doctrine. The Court will address each claim in turn. The USERRA creates a cause of action for an employee where the employee claims that his rights as an employee have been violated. The USERRA sets forth a process begins when an employee, such as the plaintiff a uniformed serviceman, may file a complaint of

discrimination through the DOL, as was the case with the plaintiff. *See* 38 U.S.C. §§ 4303(11); 4322(a). Subsection 4322(a)(3) provides in relevant part:

> **(a)** A person who claims that—
>
>> **(1)** such person is entitled under this chapter to employment or reemployment rights or benefits with respect to employment by an employer; and
>>
>> **(2)(A)** such employer has failed or refused, or is about to fail or refuse, to comply with the provisions of this chapter; or
>
> . . .
>
> **(b)** Such complaint shall be in writing, be in such form as the Secretary may prescribe, include the name and address of the employer against whom the complaint is filed, and contain a summary of the allegations that form the basis for the complaint.
>
>> **(1)** Not later than five days after the Secretary receives a complaint submitted by a person under subsection (a), the Secretary shall notify such person in writing of his or her rights with respect to such complaint under this section and section 4323 or 4324, as the case may be.
>>
>> **(2)** The Secretary shall, upon request, provide technical assistance to a potential claimant with respect to a complaint under this subsection, and when appropriate, to such claimant's employer.
>
> **(c)** The Secretary shall investigate each complaint submitted pursuant to subsection (a). If the Secretary determines as a result of the investigation that the action alleged in such complaint occurred, the Secretary shall attempt to resolve the complaint by making reasonable efforts to ensure that the person or entity named in the complaint complies with the provisions of this chapter.
>
> **(d)** If the efforts of the Secretary with respect to any complaint filed under subsection (a) do not resolve the complaint, the Secretary shall notify the person who submitted the complaint in writing of—
>
>> **(1)** the results of the Secretary's investigation; and
>>
>> **(2)** the complainant's entitlement to proceed under the enforcement of rights provisions provided under section 4323 (in the case of a

>person submitting a complaint against a State or private employer) or section 4324 (in the case of a person submitting a complaint against a Federal executive agency or the Office of Personnel Management).

It is undisputed that the plaintiff applied to the DOL. It is equally undisputed that the plaintiff did not pursue referral of his complaint to the Attorney General to file suit in his behalf. Instead, the record shows that after the DOL completed its investigation and determined that the matter was resolved, it closed its file. Hence, the matter was not forwarded to the Attorney General for further action.

In light of the undisputed facts before the Court, HHM's claim that the plaintiff lacks standing to file a suit under §§ 4322; and, 4323(a)(3) is meritorious. In other words, when the plaintiff opted to proceed through DOL, he was required to follow that process. He did not have the right to opt out of the process and commence a private lawsuit under USERRA. *See* U.S.C. § 4323(a)(3). HHM's motion to dismiss the plaintiff's cause of action for lack of statutory standing is meritorious and should be granted.

The plaintiff's *Sabine Pilot* claim is factually unmeritorious. In his complaint, the plaintiff asserts that he was forced to choose between his civilian job with HHM and his military obligation with the Army Reserve. However, he fails to identify a specific illegal demand that his supervisors imposed upon him. The fact that HHM knew or should have known that the plaintiff would, from time-to-time, be required to report for drill duty does not mean that HHM waived its right to demand that the plaintiff fulfill his employment obligations. It appears from the plaintiff's and HHM's pleadings, that HHM was not pleased with the plaintiff's progress and came to the conclusion that he was not capable of fulfilling the obligations and duties necessitated and terminated him. For HHM to demand that the plaintiff fulfill his employment duties, as other employees, was not a demand to commit a criminal act. Instead, it was a demand that the plaintiff

choose between the two commitments that he had made. *See Winters v. Houston Chron. Pub. Co.*, 795 S.W.2d 723, 724 (Tex. 1990).

It is the Court's view that being required to choose between two lawful acts is not a demand to commit a criminal act. Hence, accepting all of the plaintiff's allegations as true, the Court fails to discern a demand that the plaintiff commit an unlawful act or be discharged for refusing to commit an unlawful act. *White*, 319 F.3d at 676. As with his USERRA claim, the plaintiff has failed to assert a plausible *Sabine Pilot* claim.

It is Ordered that HHM's motion to dismiss the plaintiff's lawsuit with prejudice be, and it is Hereby, GRANTED.

SIGNED on February 11, 2025, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge